# United States District Court
# Central District of California

CHRIS LANGER,

        Plaintiff,

v.

SOUTH WEST MEDICAL CARE INC.; DOES 1–10,

        Defendants.

Case No. 5:17-cv-00959-ODW-DTB

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [15]**

## I. INTRODUCTION

On May 16, 2017, the Plaintiff Chris Langer filed this action against Defendants Rodney A. Topkov and South West Medical Care Inc. ("SWMC") for violations of the American with Disabilities Act and the Unruh Civil Rights Act. (Compl., ECF No. 1.) On September 13, 2017, the Court dismissed Defendant Topkov from this case due to Plaintiff's failure to serve him within the time period specified in Federal Rule of Civil Procedure 4(m). (ECF No. 11.) On September 20, 2017, the Clerk entered default against SWMC. (ECF No. 13.) On October 18, 2017, Plaintiff moved for entry of default judgment. (Mot., ECF No. 15-1.) For the reasons

discussed below, the Court **GRANTS** the Motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) He has a disabled person parking placard and a specially equipped van with a ramp. (*Id.*) Plaintiff visited SWMC in April 2017, and he alleges that at the time of his visit there were no compliant accessible handicap parking spaces available for persons with disabilities. (*Id.* ¶ 13.) He further alleges that the only handicap parking spaces available did not have a marked and reserved access aisle adjacent to the stall. (*Id.* ¶ 14.) Plaintiff alleges that SWMC's inaccessible parking lot "denied him the full and equal access and caused him difficultly and frustration." (*Id.* ¶ 21.)

## III. LEGAL STANDARD

Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment after the Clerk enters a default under Rule 55(a). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2. Local Rule 55-1 requires the movant to submit a declaration establishing: (1) when and against what party the default was entered; (2) the pleading to which the default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the notice has been served on the defaulting party, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion whether to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court must consider several factors (the "*Eitel* Factors"), including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon entry of default, the defendant's liability generally is conclusively established, and the court accepts the well-pleaded factual allegations in the complaint as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

### A. Procedural Requirements

Plaintiff satisfied the procedural requirements. The Clerk entered default against SWMC on September 20, 2017 (ECF No. 13.) SWMC is not a minor, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (*See* Decl. of Russell Handy ("Handy Decl.") ¶ 2, ECF No. 15-4.) Plaintiff served SWMC with this Motion on October 18, 2017. (Handy Decl. ¶ 4.) Thus, Plaintiff complied with the procedural prerequisites for entry of default judgment. *See PepsiCo Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (finding that the procedural requirements of Rule 55 and Local Rule 55-1 have been met where plaintiffs address each required factor in their application for default judgment).

### B. The *Eitel* Factors

#### 1. Prejudice

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. Accordingly, this factor weighs in favor of granting default judgment.

## 2. Sufficiently Pleaded and Meritorious Claims

The second and third *Eitel* factors "require that a plaintiff 'state a claim on which [it] may recover.'" *PepsiCo*, 238 F. Supp. 2d. at 1175 (citations omitted); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiff has sufficiently pleaded a meritorious claim that SWMC violated the ADA and the Unruh Civil Rights Act.

*ADA Claim*

To succeed on his ADA claim, Plaintiff must "establish that 1) he is disabled within the meaning of the ADA; (2) that the defendant[] own[s], lease[s], or operate[s] a place of public accommodation; and (3) that the defendant[] discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008.)

First, Plaintiff is disabled within the meaning of the ADA. Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" and "standing" as "major life activities." 42 U.S.C. § 12102(2)(A). Plaintiff is a paraplegic and thus clearly qualifies as disabled under this definition. *See Vogel v. Rite Aid Corp.*, 92 F. Supp. 2d 998, 1009 (C.D. Cal. 2014).

Second, Plaintiff established that SWMC owns a place of public accommodation. Any "service establishment" qualifies as a place of public accommodation under the ADA. 42 U.S.C. § 12181(7)(F).

Third, Plaintiff established that he was discriminated against within the meaning of the ADA. Here, Plaintiff alleges that SWMC failed to provide and maintain handicap-accessible parking in violation of the ADA Accessibility Guidelines ("ADAAG"). "Whether a facility is 'readily accessible' [to disabled persons] is defined, in part, by the [ADAAG]." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The ADAAG "provides the objective contours of

the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Id.* Accordingly, "[b]ecause the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." ADAAG section 4.1.2(5)(a) requires facilities that offer parking to provide *at least* one handicap-accessible parking space that conforms to the guidelines' specifications. Moreover, ADAAG section 4.1.2(5)(b) requires that "[o]ne in every eight accessible spaces, *but not less than one*, shall be . . . designated 'van accessible.'" (emphasis added). Plaintiff has established that no such spaces are provided in SWMC's parking lot, in violation of the ADAAG.

Further, Plaintiff established removal of the barrier is "readily achievable." The Court finds removal of the barrier readily achievable for two reasons. First, "[u]nder 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove barriers include . . . *creating designated accessible parking spaces*." *Vogel*, 992 F. Supp. 2d at 1011 (emphasis added). Second, because SWMC failed to answer Plaintiff's Complaint, Plaintiff's "allegation that removal of the barriers was readily achievable is sufficient to satisfy [his] burden of production." *Id*. In his Complaint, Plaintiff alleges that SWMC "exercised control and dominion over the conditions at [SWMC] and, therefore, . . . had the means and ability to make the change." (Compl. ¶ 28.)

Plaintiff argues that "[w]hether or not the removal of these barriers is 'readily achievable' is an affirmative defense that is waived unless raised." (ECF No. 15-1.) (citing *Wilson v. Haria and Gogri Corp.,* 479 F.Supp.2d 1127, 1133 (E.D. Cal. 2007). However, as noted in *Wilson* and in later cases, the Ninth Circuit has not yet ruled which party has the burden of proof to show that removal of a barrier is readily achievable. 479 F. Supp. 2d at 1133 n.7; *see also Vogel*, 992 F. Supp. 2d at 1010. Many California district courts apply the "Tenth Circuit's burden-shifting framework." *Vogel,* 992 F. Supp. 2d at 1010. Under this approach, the plaintiff has the initial

burden of showing that removal of the barrier is readily achievable. *Id.* (citing *Colorado Cross Disability v. Hermanson Family Ltd. P'ship I,* 264 F.3d 999, 1066 (10th Cir. 2001). "If the plaintiff makes this showing, the burden shifts to the defendant who 'bears the ultimate burden of persuasion . . . .'" *Id.* (citing *Colorado Cross Disability,* 264 F.3d at 1066). Because the Ninth Circuit is silent on this issue, the Court declines to decide whether the burden falls on the defendant as an affirmative defense.

For the foregoing reasons, the Court finds that Plaintiff has stated a claim under the ADA.

***Unruh Civil Rights Act***

The Court determined that Plaintiff sufficiently pleaded a meritorious ADA claim, so it necessarily follows that Plaintiff also established a meritorious claim under the Unruh Civil Rights Act. As the court in *Vogel* acknowledged, "[a] violation of the ADA necessarily violate[s] the Unruh Act." *Vogel*, 992 F. Supp. 2d at 1011 (citing Cal. Civ. Code § 51(f), which states, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute violation of [the Unruh Civil Rights Act].").

### 3. Amount at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff requests a total of $9,030.00. (ECF No. 15-1.) This sum includes a statutory minimum of $4,000 for damages under the Unruh Civil Rights Act,[2] and attorney fees and costs in the amount of $5,030.00. *Id.* Under his ADA cause of action, Plaintiff is only entitled to injunctive relief. *Vogel*, 992 F. Supp. 2d at 1012. While injunctive relief will require SWMC to spend money creating and designating a handicap-accessible parking spot, this amount is not factored into this analysis. *See id.* For the

---

[2] California Civil Code section 52(a) provides that a defendant who violates the Unruh Civil Rights Act is liable for actual damages "in no case less than four thousand dollars."

foregoing reasons, the Court finds this factor weighs in favor of entry of default judgment.

### 4. Dispute as to Material Facts

The next *Eitel* factor considers the possibility that material facts are in dispute. *Eitel*, 782 F.2d at 1471–72. Plaintiff has adequately alleged SWMC violated both the ADA and Unruh Civil Rights Act by describing the architectural barriers he encountered at SWMC. SWMC failed to respond in any way to Plaintiff's Complaint and forfeited any challenge to the material facts alleged in Plaintiff's pleading. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."). Therefore, "no factual disputes exist that would preclude the entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013.

### 5. Default Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect. *Eitel*, 782 F.2d at 1471–72. Plaintiff's process server properly served SWMC with the Complaint and Summons pursuant to Federal Rule of Civil Procedure 4(h)(1)(A). (ECF No. 10.) Plaintiff then filed the instant Motion. This leaves little possibility that default was due to excusable neglect.

### 6. Policy of Deciding Cases on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this factor will always disfavor the entry of judgment, it alone does not outweigh the other factors that clearly favor entry of judgment. *PepsiCo*, 238 F. Supp. 2d at 1177. The Court thus concludes that the *Eitel* factors favor the Court entering a default judgment.

## C. Attorney's Fees

Plaintiff requests $5,030.00 in attorney fees and costs. (ECF No. 15-1.) Plaintiff is entitled to attorney fees under both the ADA and the Unruh Act. Since the

1 Court determined that both are meritorious claims, Plaintiff can recover fees under
2 either 42 U.S.C. § 12205 or California Civil Code section 52(a).

3 In an application for default judgment, where attorney fees are sought pursuant
4 to a statute, those fees are calculated in accordance with the schedule provided by the
5 court. L.R. 55-3. However, Local Rule 55-3 permits an attorney to submit a written
6 request at the time of entry of default judgment to request fees in excess of the
7 schedule. *Id.* It is the Court's discretion to determine whether the fees requested are
8 reasonable.

9 Plaintiff requests that the Court award attorney fees for an amount in excess of
10 the schedule. (*See* Handy Decl. ¶ 5.) Plaintiff's counsel, Russell Handy, calculated
11 this amount, $5,030.00, by multiplying his hourly rate of $425, by the amount of
12 hours he claims to have spent on this matter, 10.8 hours, plus $440.00 in filing fees.
13 (*Id.*)

14 In support of this request for fees, Plaintiff's counsel refers to five cases where
15 he claims that courts have upheld the hourly rate of $425 for attorneys at his firm.
16 The Court agrees that in each of the cases cited by Plaintiff's counsel, the hourly rate
17 of $425 was upheld. The Court takes no issue with Handy's hourly rate. The Court
18 notes, however, that in each of those cases, it appears that itemized billing statements
19 were provided to allow the reviewing court to determine the amount of time counsel
20 spent on particular tasks. Plaintiff's counsel should "maintain billing item records in a
21 manner that will enable a reviewing court to identify distinct claims." *Hensley v.*
22 *Eckerhart*, 461 U.S. 424, 437 (1983). Here, Plaintiff's counsel did not provide billing
23 statements sufficient to enable the Court to identify distinct claims.

24 Documentation submitted in support of a motion for attorneys' fees must
25 apprise the Court of the nature of the activity and should be sufficient to satisfy the
26 Court that the hours expended were actual, non-redundant, and reasonable. *Hensley*,
27 461 U.S. at 43–37. Plaintiff's counsel claims to have spent a total of 10.8 hours
28 litigating this case. (Handy Decl. ¶ 5.) Handy claims that this amount of time was

spent time doing the following: (1) discussing the case with the client and developing the intake notes; (2) conducting a preliminary site inspection of the real property to comply with his Rule 11 obligations; (3) conducting research of public records to determine the identities of the business owner and owner of the real property; (4) drafting the Complaint; (5) reviewing and executing the Request for Entry of Default; (6) and drafting the pending Application. (*Id.*)

The Court finds 10.8 hours of attorney time on this case excessive. Plaintiff, represented by the same law firm as in this case, has filed at least 16 other ADA cases with this Court alone,[3] and has filed many, many more within the Central District of California as a whole. Plaintiff initiated each of those 16 cases with complaints nearly identical to the one in this case. Thus, in light of the redundancy in work required and short duration of this case, the Court finds the total amount of hours requested by Plaintiff's counsel unreasonable.

The Court reduces the attorneys' fees by seventy-five percent due to the lack of itemized billing statements and the excessive amount of hours allegedly spent. Therefore, the Court awards Plaintiff $1,147.50 in attorneys' fees and $440.00 in filing fees and service costs, for a total of $1,587.50.

///
///
///
///
///

---

[3] *See, e.g.*, *Langer v. Roclar Co. Inc.*, No. 2:14-cv-01623-ODW-AJW; *Langer v. Michael Butler Grass Valley Ass'n*, No. 2:14-cv-05992-ODW-RZ; *Langer v. Elsinore Pioneer Lumber Co.*, No. 2:14-cv-08293-ODW-PLA; *Langer v. Steve Demircift*, No. 2:15-cv-05006-ODW-PLA; *Langer v. Luxor Props., Inc.*, No. 2:15-cv-09906-ODW-JPR; *Langer v. Ennabe Props., Inc.*, No. 2:16-cv-00053-ODW-KS; *Langer v. Zipora Ostfeld*, No. 2:16-cv-04921-ODW-PLA: *Langer v. Rigoberto Garcia*, No. 2:16-cv-05755-ODW-SK; *Langer v. Goodwill*, No. 2:16-cv-05955-ODW-AJW; *Langer v. Darla Lesh*, No. 2:16-cv-05985-ODW-SK; *Langer v. Pamela S. Harper*, No. 2:16-cv-07043-ODW-JPR; *Langer v. Maria E. Figueroa*, No. 2:16-cv-07107-ODW-AJW; *Langer v. Yobana Chavez*, No. 2:17-cv-ODW-AS; *Langer v. Agop Arakelian*, No. 2:17-cv-06409-ODW-GJS; *Langer v. Rosa United Invs., Inc.*, No. 2:17-cv-08940-ODW-AS; *Langer v. Ted S. Mayeda*, No. 8:15-cv-01032-ODW-AJW.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Plaintiff's Motion for Default Judgment. (ECF No. 15.) The Court will issue a judgment.

**IT IS SO ORDERED.**

January 17, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**